530 So.2d 1363 (1988)
Dewey BLACKLEDGE, Jr.
v.
Ethel L. SCOTT and Clarence Osborne.
No. 57822.
Supreme Court of Mississippi.
September 7, 1988.
Lucius B. Dabney, Jr., Dabney & Dabney, Vicksburg, Johnson & Johnson, Natchez, for appellant.
Tim Waycaster, Riley & Pintard, Natchez, for appellees.
Before ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Dewey Blackledge, Jr. has appealed to this Court from a judgment of the Chancery Court of Claiborne County entered against him and in favor of Ethel L. Scott and Clarence Osborne in the amount of forty-four thousand eight hundred fifty dollars ($44,850) for personal injuries sustained in an automobile accident. The appellant assigns five (5) errors in the trial below. We discuss only one, i.e., whether venue should have been changed, and reverse and remand.

Facts
On October 8, 1984, appellee Clarence Osborne, 69, drove his friend, appellee Ethel Scott, 71, to Mississippi Baptist Medical Center in Jackson so that Scott could receive a cobalt treatment. Both Osborne and Scott lived in Port Gibson. They traveled to Jackson via State Highway 18 which, at its intersection with U.S. Highway 80 in Jackson, becomes Robinson Road. The weather was rainy; there had been a brief heavy shower a few minutes *1364 earlier. Only light intermittent rain was falling as Osborne and Scott headed down Robinson Road.
While they were stopped for a traffic signal at the bottom of a hill on Robinson Road,[1] Osborne and Scott were suddenly struck from the rear by a car driven by appellant Dewey Blackledge, Jr. The impact knocked Osborne's car to the middle of the intersection. According to Blackledge, he was coming down the hill when he saw Osborne's vehicle slowing down ahead. Blackledge applied his brakes, the wheels "locked," and his car skidded some forty (40) feet before colliding with the rear of Osborne's car.
Both Osborne and Scott were shaken, but neither suspected serious injury. After the police responded, Osborne and Scott proceeded to Baptist Hospital for Scott's cobalt treatment. Subsequent to the treatment, they drove back to Port Gibson. That evening, Osborne went to the emergency room of the Jefferson County Hospital in Fayette, where he was treated by Dr. Shanti Pandey. He was admitted to the hospital and remained there for one week. The diagnosis was trauma to the neck, back and shoulders.
On the morning after the accident, Scott went to a doctor in Fayette who prescribed some pain medications. After approximately four weeks, the Fayette physician referred Scott to Dr. David Ball in Natchez. Dr. Ball hospitalized Scott on November 7, 1984, for a period of nine (9) days and diagnosed her condition as cervical and lumbar strain with aggravation of a preexisting osteoarthritic condition.
The chancellor found (1) that appellant failed to use the degree of care required of a reasonably prudent person and was therefore negligent in the operation of his vehicle; (2) that Scott incurred $2,528.00 in medical, hospital, drug, and miscellaneous expenses; and (3) that Osborne incurred $2,600 in lost wages and medical, hospital, and drug expenses. Finding that Scott was permanently disabled to the extent that she was required to move in with her daughter after the accident and that were it not for her daughter Scott would likely be confined to a nursing home, the chancellor awarded her total damages of $27,750. Also, finding that Osborne suffered a "slight disability" of indefinite duration and that he was now precluded from enjoying certain activities which he pursued before the accident, the chancellor awarded him total damages of $17,100.

Law

THE VENUE OF THIS CAUSE WAS IN THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI, OR IN JONES COUNTY, MISSISSIPPI, NOT CLAIBORNE COUNTY, MISSISSIPPI, AND IT SHOULD HAVE BEEN TRANSFERRED FROM CLAIBORNE COUNTY, MISSISSIPPI.
In addressing this assigned error, we reiterate some of the facts relating to jurisdiction and venue. Plaintiffs (appellees) were residents of Claiborne County; the defendant Blackledge (appellant) was a resident of Jones County; the three remaining defendants were insurance companies, one foreign and two domestic. The collision and loss occurred in the City of Jackson, First Judicial District, Hinds County. Motions of the three insurance companies for dismissal were sustained, and they were dismissed from the action without prejudice. The appellant then filed a motion to transfer the cause to the proper venue.
Mississippi Code Annotated § 11-11-7 (1972) defines venue for actions against insurance companies. The section has been construed to mean that "if service of process is upon the state insurance commissioner, venue against any insurance company, foreign or domestic, lies in the county where the loss occurred or where the plaintiff resides." Hartford Fire Insurance Co. v. Producer's Gin of Hernando, Inc., 326 So.2d 807, 808-09, note 2, (Miss. 1976) (emphasis in original). Therefore, if *1365 the jurisdiction and joinder were proper, venue would lie in Claiborne County.
Appellees' complaint alleged jurisdiction in the Chancery Court of Claiborne County as follows:
10.
This is an action where discovery in Chancery Court is essential in order to meet the full ends of justice. The matter is too complicated for a jury, and a Chancery trial of this matter would save considerable time and expense. A jury would never reasonably comprehend the issues in involved in this case, and it is impracticle [sic], if not impossible, to separate the trial of the different issues.
11.
Full, adequate, and expeditious relief cannot be granted by a Circuit Court, and the expenses for discovery required in Circuit Court would be exhorbitant [sic], time consuming and inadequate; therefore, this Court should take jurisdiction of this cause.
McLean v. Green, 352 So.2d 1312 (Miss. 1977), involved a tort case arising out of an automobile accident in which minors were injured. The suit was brought by the minor plaintiffs in the Chancery Court of Adams County. The minor plaintiffs contended that jurisdiction was proper because chancery courts have jurisdiction over the business of minors. Although the judgment of the lower court was affirmed, this Court said:
The action at bar arises from a tort claim, and we have made it clear previously that courts of equity should not assume jurisdiction over claims for personal injury... . Although we hold that the chancellor was in error, Mississippi Constitution § 147 (1890) prevents reversal solely on the ground of want of jurisdiction... .
Despite the mandate of § 147, we look with disfavor upon and consider it an abuse of discretion for a chancellor to assume jurisdiction of a common law action which properly should be tried in a court of law where the right to trial by jury remains inviolate.
352 So.2d at 1314 (citations omitted). See also Robertson v. Evans, 400 So.2d 1214 (Miss. 1981).
In suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants. This is true where the defendant upon whom venue is based is subsequently dismissed from the suit. In such situations, venue as to the remaining defendants continues despite the fact that venue would have been improper, if the original action had named them only. Jefferson v. Magee, 205 So.2d 281 (Miss. 1967).
In New Biloxi Hospital, Inc. v. Frazier, 245 Miss. 185, 146 So.2d 882 (1962), a standard was set for requiring the plaintiff to follow in order to prohibit abuse of the rule: (1) the action must be initiated in good faith in the bona fide belief that the plaintiff has a cause of action against the defendant upon whom venue is based; (2) the claim against the defendant upon whom venue is based must be neither fraudulent nor frivolous nor made with the intention of depriving the other defendants of their right to be sued in their own counties; and (3) there must be reasonable claim of liability asserted against the defendant upon whom venue is based. New Biloxi Hospital, supra; see also Rule 11, Miss.R.Civ.P.
Section 147, Miss. Const. 1890, provides that no judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed on the ground of want of jurisdiction to render such judgment or decree from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction unless there was error other than jurisdiction. Venue is a separate and distinct matter having to do with the place where a suit may be brought rather than the authority of the particular court to hear that type of case at all.
We hold that this suit lay outside the subject matter jurisdiction of the chancery court. This suit was brought in an equity court solely for the assumption of jurisdiction of a common-law action where the case should properly have been tried *1366 before a jury. Section 147, however, precludes reversal on this ground.
We are of the further view that the allegations of the complaint regarding the expenses of discovery and the incapacity of jurors to comprehend the issues are totally groundless and the suit against the three insurance companies amounts to a fraudulent joinder as to venue.[2] Errors in venue are not within the bar of Section 147.
Section 31, Miss. Const. 1890, provides that the right of trial by jury shall remain inviolate. We are of the opinion that the lower court erred in declining to transfer this cause to a county of proper jurisdiction and venue and the judgment must be reversed and the cause remanded to the lower court for transfer to such a county. Since the case is being reversed on non-jurisdictional grounds, we further direct that it be transferred to the circuit court of a county of proper venue.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
ZUCCARO, J., not participating.
NOTES
[1] The record is not specific as to the precise location. The intersection was possibly Robinson Road and Prentiss Street. (R. 303)
[2] In McLean v. Green, A Minor, et al., 352 So.2d 1312 (Miss. 1977), where this Court strongly expressed itself against the procedure involved here, the same firm of attorneys represented the plaintiff/appellees that represent the plaintiff/appellees in the case sub judice.