# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 96-IA-00593-SCT

*THE ESTATE OF LLOYD JONES, DECEASED;
DOYLE KING, SUCCESSOR IN OFFICE TO
SHERIFF LLOYD JONES, DECEASED; SIMPSON
COUNTY, MISSISSIPPI; WALTER TUCKER,
INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY
AS CHIEF OF BRANDON, MISSISSIPPI, POLICE
DEPARTMENT AND CITY OF BRANDON,
MISSISSIPPI*

*v.*

*ESTHER JONES QUINN, AND ALONSO JONES,
SOLE HEIRS-AT-LAW OF ANDRE JONES AND ON
BEHALF OF ALL OTHER WRONGFUL DEATH
BENEFICIARIES*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/10/96 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | LUCIEN C. GWIN, JR. |
| | DANNY WELCH |
| | GARY E. FRIEDMAN |
| ATTORNEY FOR APPELLEES: | CHOKWE LUMUMBA |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED - 06/18/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 7/9/98 |

**EN BANC.**

**SULLIVAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On August 20, 1993, Esther Jones Quinn and Alonzo Jones (Plaintiffs) filed their complaint in the Circuit Court of Hinds County against the defendants in this case, alleging that their son's death was a result of the intentional and malicious, or grossly negligent, behavior of the defendants in the deficient

upkeep of the Simpson County Jail and the treatment of prisoners at the jail. Their son, Andre Jones, was found dead, hanging by a shoestring in a shower stall at the jail, while being held on charges of possession of a stolen tag, altering a vehicle identification number, violating a city beer ordinance, and carrying a concealed weapon. Andre had been arrested at a road block set up by the Brandon Police Department, and was transported to the Simpson County Jail due to overcrowding in the Brandon City Jail. Dr. Steven Hayne, who performed the autopsy, found that the manner of death was suicide. However, Plaintiffs maintained that their son was murdered. Plaintiffs named as defendants: Lloyd Jones, Sheriff of Simpson County; John Abernathy, Deputy Sheriff of Simpson County; Simpson County; Walter Tucker, Chief of the Brandon Police Department; John Henley, Sergeant at the Brandon Police Department; the City of Brandon; Willie Brown, Inspector for the Department of Institutional Sanitation of the Health Department for the State of Mississippi; Ed Thompson, State Health Officer; Jerry Oakes, Acting Director/Assistant Director/Chief Architect for the Bureau of Buildings, Grounds and Real Property; Millard Mackey, State Chief Deputy Fire Marshal; and Eddie Lucas, Commissioner of the Department of Corrections for the State of Mississippi. Plaintiffs later amended their complaint to include Commissioner of Public Safety James Ingram as a defendant. Upon the death of Lloyd Jones, Plaintiffs filed a motion to substitute the new Sheriff of Simpson County, Doyle King, and the administratrix of Lloyd Jones's estate, Lucy Jones, in Lloyd Jones's official and individual capacities, respectively. They also amended their complaint to include a count for simple negligence and one for wrongful death. Plaintiffs accomplished their amendments to the complaint both by motion to amend and by filing a new complaint which was later consolidated into the original complaint.

¶2. In addition to their tort lawsuit filed in state court, Plaintiffs filed a complaint in the United States District Court for the Southern District of Mississippi on August 24, 1993. The complaint in federal court was based upon the same set of facts and circumstances surrounding the death of Andre Jones, and named the same defendants as the complaint filed in circuit court with the exception of Defendants Brown, Thompson, Oakes, Mackey, Lucas, and Ingram (State Defendants). Plaintiffs alleged constitutional and federal statutory violations amounting to deliberate indifference, wrongful death, and conspiracy.

¶3. In an order dated January 11, 1996, the federal court granted summary judgment for Chief Tucker, Sergeant Henley, the City of Brandon, and Deputy Sheriff John Abernathy. However, the court denied summary judgment for Lloyd Jones and Simpson County. On June 12, 1996, the federal court entered summary judgment for the remaining defendants. The court entered a final judgment dismissing the case with prejudice on the same day.

¶4. On October 31, 1995, Hinds County Circuit Court Judge James E. Graves, Jr. granted the defendants' motion to hold discovery in abeyance until the issue of immunity was decided. On November 28, 1995, Judge Graves issued a detailed opinion ruling on all of the defendants' motions to dismiss and for summary judgment. He found that the motions to dismiss filed by the State Defendants should be granted. The judge also granted the motions to dismiss filed by Deputy Sheriff Abernathy and Sergeant Henley. However, Judge Graves denied the motions to dismiss and for summary judgment filed by Simpson County and Sheriff Jones (Simpson County Defendants), and the City of Brandon and Chief Tucker (Brandon Defendants).

¶5. On January 3, 1996, the Simpson County Defendants and Brandon Defendants filed a joint

motion, requesting that the claims against them be dismissed due to improper venue or, in the alternative, severed and venue transferred to their respective home counties. Judge Graves denied this motion in an order dated March 21, 1996, and reaffirmed the March 21 order on April 10, 1996. On April 24, 1996, the Simpson County Defendants and Brandon Defendants filed their Motion for Certification of Interlocutory Appeal, requesting that the circuit court enter an order granting them certification to appeal to this Court on the issue of venue. Judge Graves entered an order denying the motion on May 30, 1996. However, by an order dated August 5, 1996, this Court granted the remaining defendants' petition for interlocutory appeal and ordered that the trial court proceedings be stayed pending review of this appeal. Although the Brandon Defendants and Simpson County Defendants have raised the issue of res judicata regarding the dismissal of the federal lawsuit in their answers to the amended complaint and in separate motions for summary judgment, the circuit court had not yet reached any decision on the issue of res judicata when this Court granted interlocutory appeal and stayed the lower court proceedings.

## STATEMENT OF THE LAW

### Standard of Review

¶6. "An application for a change of venue is addressed to the discretion of the trial judge, and his ruling thereon will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Beech v. Leaf River Forest Prods., Inc.*, 691 So.2d 446, 448 (Miss. 1997) (*quoting Mississippi State Highway Comm'n v. Rogers*, 240 Miss. 529, 539-40, 128 So.2d 353, 358 (1961)). This Court has also applied an abuse of discretion standard of review on the issue of severance. *Kiddy v. Lipscomb*, 628 So.2d 1355, 1358 (Miss. 1993).

## I.

**WHETHER THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI ERRED IN DENYING THE JOINT MOTION OF THE BRANDON DEFENDANTS AND THE SIMPSON COUNTY DEFENDANTS FOR A SEVERANCE OF THE CLAIMS AGAINST THEM AND FOR CHANGE OF VENUE FROM HINDS COUNTY, MISSISSIPPI TO RANKIN COUNTY, MISSISSIPPI AND SIMPSON COUNTY, MISSISSIPPI, RESPECTIVELY.**

¶7. The Brandon Defendants and Simpson County Defendants argue that their joint motion to sever the claims and change venue to Rankin and Simpson Counties should have been granted for several reasons. First they contend that under Miss. Code Ann. §§ 11-45-25 (governing venue in actions against municipalities), 11-45-17 (governing venue in actions against counties), and 11-46-13(2) (governing venue in tort actions against political subdivisions), venue is only proper against them, as city and county government entities, in their home counties. Section 11-45-25 states in pertinent part, "Suits against any municipality shall be instituted in the county in which such municipality is situated, where such actions are brought in the circuit or chancery or county courts, and where such municipality is wholly situated in one (1) county." Miss. Code Ann. § 11-45-25 (Supp. 1997). Proper venue for a lawsuit against the City of Brandon, therefore, would be in Rankin County. "[S]uits against the county shall be instituted in any court having jurisdiction of the amount sitting at the county site. . ." Miss. Code Ann. § 11-45-17 (1972). A complaint against Simpson County, therefore,

would be properly filed in Simpson County. This position is further supported by Miss. Code Ann. § 11-46-13(2), which provides that proper venue for a tort suit against any government entity, including a county or municipality, is "in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located." Miss. Code Ann. § 11-46-13(2) (Supp. 1997).

¶8. The Brandon Defendants and Simpson County Defendants also assert the right of individual citizens in this State to be sued in their counties of residence. Mississippi's general venue statute, Miss. Code Ann. § 11-11-3, provides that civil actions should be "commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue. . ." Miss. Code Ann. § 11-11-3 (Supp. 1997). The remaining defendants urge us to hold that proper venue for this case, therefore would be in Rankin County for the Brandon County Defendants and Simpson County for the Simpson County Defendants. Their position is that the claims against them should have been severed and transferred to their respective home counties in order for venue to be proper once the State Defendants were dismissed from the case.

¶9. Plaintiffs, however, assert that venue is proper in Hinds County, based upon the inclusion of the State Defendants in the action, who are all residents of Hinds County. *See* Miss. Code Ann. § 11-11-3 (Supp. 1997), *supra.*

> In suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants. This is true where the defendant upon whom venue is based is subsequently dismissed from the suit. In such situations, venue as to the remaining defendants continues despite the fact that venue would have been improper, if the original action had named them only.

*Blackledge v. Scott*, 530 So.2d 1363, 1365 (Miss. 1988) (*citing Jefferson v. Magee*, 205 So.2d 281 (Miss.1967)). *See also Jeffreys v. Clark*, 251 Miss. 129, 141-42, 168 So.2d 662, 666-68 (1964), *overruled on other grounds by Sheffield v. Sheffield*, 405 So.2d 1314, 1318 (Miss. 1981).

> Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists--the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; and there was a reasonable claim of liability asserted against the resident defendant.

*New Biloxi Hospital, Inc. v. Frazier*, 245 Miss. 185, 192, 146 So.2d 882, 885 (1962).

¶10. The remaining defendants maintain that Plaintiffs only included the State Defendants for the purpose of forum shopping, so that they could file suit in Hinds County. Under the three-part test in *New Biloxi Hosp.*, therefore, they argue that the case could not be retained in Hinds County after the State Defendants were dismissed. *New Biloxi Hosp.*, 245 Miss. at 192, 146 So.2d at 885. *See also Long v. Patterson*, 198 Miss. 554, 564, 22 So.2d 490, 493 (1945) (venue was improper when based upon a defendant against whom "no proof was made or attempted to be made"). Plaintiffs contend that their inclusion of the State Defendants in the original complaint was justified, because

responsibility for incarcerated individuals is shared by state, county, and municipal entities.

¶11. This Court has held that the proper question is not whether the plaintiff's attorney intended to fraudulently establish venue, but whether the facts support inclusion of the defendant upon whom venue is based. ***Jefferson v. Magee***, 205 So.2d 281, 283 (Miss. 1967). Here, Plaintiffs asserted sufficient facts in their pleadings to reasonably support a claim against the State Defendants. The mere fact that the trial court dismissed them from the suit does not mean that their inclusion was based upon fraud. Willie Brown, Inspector for the Department of Institutional Sanitation of the Health Department for the State of Mississippi; Ed Thompson, State Health Officer; Jerry Oakes, Acting Director/Assistant Director/Chief Architect for the Bureau of Buildings, Grounds and Real Property; and Millard Mackey, State Chief Deputy Fire Marshal, were all included as defendants based upon their responsibilities to investigate and maintain proper conditions at State institutions, including jails. Eddie Lucas, Commissioner of the Mississippi Department of Corrections, was an obvious target for a lawsuit involving the conditions at the Simpson County Jail. Plaintiffs later added Commissioner of Public Safety James Ingram as a defendant based upon his duty to oversee the State Medical Examiner's Office and his involvement in a statewide prisoner screening program. These are all reasonable bases for including the State Defendants in the current lawsuit. Based upon the record before this Court, it does not appear that Plaintiffs included the State Defendants solely for the purpose of forum shopping.

¶12. Since the State Defendants were properly included in the suit, Section 11-46-13(2) controls determination of proper venue in this case:

> The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place. The venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. The venue specified in this subsection shall control in all actions filed against governmental entities, notwithstanding that other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply.

Miss. Code Ann. § 11-46-13(2) (Supp. 1997). The second sentence regarding venue for suits against other political subdivisions does not apply here, because it controls only in "all *other* suits filed under the provisions of this chapter," meaning all suits other than those filed against state employees. ***Id***. This is a suit filed against state employees, so proper venue is in the county in which the negligence took place. Here, that would be Simpson County, where Andre Jones died and the alleged negligent upkeep of the Simpson County Jail occurred. Section 11-46-13(2) specifically states that no other venue statutes that otherwise would apply will be controlling in a lawsuit against the state or its employees. As a result, the Simpson County Defendants and Brandon Defendants are incorrect in asserting that the individual statutes governing venue for actions against counties and municipalities apply. As previously discussed, it is of no consequence that the State Defendants were eventually dismissed from the suit, because proper venue is determined at the time the lawsuit is originally filed, and subsequent dismissal of the defendant upon whom venue is based does not destroy proper venue. ***Blackledge***, 530 So.2d at 1365. Venue in this case was only proper in Simpson County based upon Section 11-46-13(2). Judge Graves should have transferred venue to Simpson County under Rule

82(d) of the Mississippi Rules of Civil Procedure. Miss. R. Civ. P. 82(d) (improper venue).

¶13. Since the remaining defendants' only basis for requesting severance was their position that venue was only proper for each of them in their respective counties, we find that the circuit court properly denied severance in this case. Plaintiffs also contend that severance is not appropriate here, because there is no obvious conflict in the defenses of the defendants, and justice would best be served by a joint trial. "When there is more than one possible proximate cause of an injury, brought about by the negligence of more than one party, the purposes of the applicable rules best would be served by a single trial." *Kiddy*, 628 So.2d at 1358. Severing the cases against the parties would allow them to "play a game of 'divide and conquer.'" *Id*. Judge Graves did not abuse his discretion by determining that severance was not proper in this case.

## II.

### WHETHER THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI ERRED IN REJECTING DEFENDANTS' FORUM NON CONVENIENS MOTION TO TRANSFER THE CASE FROM HINDS COUNTY.

¶14. Alternatively, the Brandon Defendants and Simpson County Defendants argue that the circuit court should have transferred venue on the theory of forum non conveniens. Because we find that Judge Graves's decision must be reversed based upon improper venue, we decline to address the issue of forum non conveniens in this case.

### CONCLUSION

¶15. Based upon the dictates of Section 11-46-13(2), this case was improperly filed in Hinds County, and Judge Graves should have transferred venue to Simpson County. We must reverse the trial court's denial of the motion for transfer of venue. However, based upon the rules governing proper venue in this case, and in the interest of judicial economy, we affirm Judge Graves's decision to deny the remaining defendants' request for severance. Since the issue of res judicata is not raised in the interlocutory appeal to this Court, we remand the case to the Hinds County Circuit Court for further proceedings consistent with this opinion.

¶16. **REVERSED AND REMANDED.**

**PRATHER, C.J., BANKS AND ROBERTS, JJ., CONCUR. McRAE, J., CONCURS IN RESULT ONLY. WALLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PITTMAN, P.J., SMITH AND MILLS, JJ.**

### WALLER, JUSTICE, DISSENTING:

¶17. While I agree with the conclusion of the majority that venue is not proper in Hinds County, I dissent because, based on the facts before this Court, there was no reasonable basis for the inclusion of the State Defendants in this action. Had the inclusion of the State Defendants been proper in this action, I would agree with the majority that Miss. Code Ann. § 11-46-13(2) controls the

determination of proper venue in this case.

¶18. Mississippi's venue statutes and this Court's decisions concerning proper venue have been summarized as follows:

> Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists--the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; and there was a reasonable claim of liability asserted against the resident defendant.

*New Biloxi Hosp., Inc. v. Frazier*, 245 Miss. 185, 192, 146 So.2d 882, 885 (1962). As outlined above, there are three requirements which must be met for jurisdiction to be maintained when the resident defendant has been dismissed.

¶19. In the case *sub judice*, Quinn failed to assert a reasonable claim of liability against the resident defendants, the State Defendants. The third prong of the test set forth above has not been satisfied. As such, venue in Hinds County was never proper. The proper inquiry before this Court is whether the facts support inclusion of the defendant upon whom venue is based. *Jefferson v. Magee*, 205 So.2d 281, 283 (Miss. 1967) (citing *Jeffreys v. Clark*, 251 Miss. 129, 168 So.2d 662 Miss. (1964)). Based on the record before this Court, it is apparent that there is no factual support for the inclusion of the State Defendants.

¶20. Although the death of Andre Jones is a tragedy, the State Defendants did not owe him a duty. He was not apprehended by a state law enforcement agency; he was not housed in a state correctional facility; nor was there any other action by the state that was even arguably related to the circumstances surrounding this tragic incident. Andre Jones was apprehended by a local law enforcement agency (Brandon Police Department), incarcerated in a county jail (Simpson County Jail) due to overcrowding at the Brandon City Jail, and was a pre-trial detainee, not a state prisoner. Under these facts, it is clear that the plaintiffs failed to satisfy the third requirement of the *New Biloxi* test. This conclusion is further supported by the fact that the trial judge granted the State Defendants' motion to dismiss under M.R.C.P. 12(b)(6).

¶21. A motion to dismiss pursuant to M.R.C.P. 12(b)(6) raises an issue of law. When considering a motion to dismiss, the allegations made in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim. *T.M. v. Noblitt*, 650 So.2d 1340, 1342 (Miss. 1995). Despite these inferences in favor of the plaintiffs, the trial judge found that the State Defendants were not "vested with duties to maintain or take appropriate steps dealing with the Simpson County jail." In short, the plaintiffs failed to assert a reasonable claim of liability against the state defendants, who were the resident defendants. Where the plaintiff's claim cannot withstand a 12(b)(6) motion, the logical inference is that there was no reasonable claim of liability asserted against the defendant. Thus, the final prong of the *New Biloxi* test has not been satisfied, and Hinds County was never a proper venue for this action.

¶22. Based on the facts before us, it is clear that the plaintiffs have failed to assert a reasonable claim of liability against the State Defendants. Therefore, venue in Hinds County was never proper as to the resident defendants (State Defendants), and Miss. Code Ann. § 11-46-13(2) was erroneously applied in this action. Therefore, I respectfully dissent.

**PITTMAN, P.J., SMITH AND MILLS, JJ., JOIN THIS OPINION.**