910 So.2d 498 (2005)
CROSSFIELD PRODUCTS CORPORATION, Pneumo Abex Corporation, Roth Pump Company and Monsanto Company
v.
Charles W. IRBY, et al.
No. 2003-IA-02378-SCT.
Supreme Court of Mississippi.
February 3, 2005.
Simine Bazyari Reed, Walter Watkins, Jr., Thomas Tardy, III, Samuel D. Habeeb, Robert M. Arentson, Jr., James Lawrence Jones, Jackson, attorneys for appellants.
Sara Morris Farris, Anthony Sakalarios, Stacey Lea Sims, Hattiesburg, attorneys for appellees.
EN BANC.
*499 SMITH, Chief Justice, for the Court.
¶ 1. Charles W. Irby joined eight other plaintiffs in filing suit against 258 named defendants as well as 200 "John Doe" defendants in the Circuit Court of Jones County, Mississippi, for alleged exposure to asbestos and products containing asbestos. Certain Defendants moved to sever and transfer or dismiss the claims based on improper joinder. The circuit court denied this motion, and this Court subsequently granted Certain Defendants' request for interlocutory appeal. See M.R.A.P 5. Finding error by the trial court, we reverse and remand the case for severance of all claims with instructions to the trial court to transfer the severed cases to those jurisdictions in which each plaintiff could have brought his claim.

FACTS AND PROCEDURAL HISTORY
¶ 2. Nine plaintiffs joined together in filing suit against 258 named defendants as well as 200 "John Doe" defendants. There are approximately forty defendants who remain in the case at this time, and plaintiffs state that at the time of this interlocutory appeal they were in the process of narrowing the remaining defendants to less than twenty. All nine plaintiffs claim exposure to asbestos and products containing asbestos while employed with Ingalls Shipyard located in Pascagoula, Mississippi. They allege that during all or part of the period from 1930 through the present each of the Defendants mined, designed, evaluated, manufactured, packaged, furnished, supplied and/or sold adhesives, construction materials, insulation, fiber or other products, that contained asbestos and/or aided and abetted others in so doing in the construction and repair of manufacturing plants and equipment. The plaintiffs seek recovery on the following theories: strict liability, negligence, and fraudulent concealment/misrepresentation/alteration of medical studies/conspiracy. They seek to hold all defendants jointly and severally liable to each plaintiff for compensatory and punitive damages.
¶ 3. The defendants, on July 11, 2003, filed a Motion to Sever and Transfer or Dismiss Plaintiffs' claims with the Jones County Circuit Court. After a hearing, the trial court issued an order denying the defendants' motion to sever and transfer. Certain named defendants filed an interlocutory appeal with this Court alleging that the trial court erred by not severing the plaintiffs' claims into individual actions because the health and work histories of the nine plaintiffs are so varied they do not meet the standards required for joinder.
¶ 4. All plaintiffs allege that they suffer from asbestosis in varying degrees. They claim exposure while working at a common employment, Ingalls Shipyard. During the span of 24 years where the plaintiffs claim a common work site,[1] Ingalls Shipyard, they all were employed at different times and dates. In addition to the different times and dates of employment, the plaintiffs had different job descriptions, different work-stations and different duties at each work site. Some plaintiffs may have worked on the same ships but they all had different job descriptions and the dates of employment differ as to each plaintiff. In fact, only four out of the nine plaintiffs recall working on many of the same ships, however, as stated previously, their dates of employment do differ. Each plaintiff allegedly worked around different *500 products made by numerous manufacturers for varying lengths of times. The most one plaintiff was allegedly exposed to these products at Ingalls Shipyard was sixteen to seventeen years. The least one plaintiff was exposed was about a year. The other plaintiffs' alleged exposure varied between one to sixteen years. Some plaintiffs could have been exposed to asbestos at other jobs they held prior to or after working at Ingalls Shipyard. In fact, one plaintiff stated that he may have been exposed at other jobs, such as the feed mill and service station where he worked halftime during school. In addition to this each plaintiff has a different medical history, which may or may not have an affect on their medical condition. Only one out of the nine plaintiffs has cancer. Five out of the nine has had some type of heart attack/stroke or heart surgery. All nine plaintiffs have smoked at some time in their lives for varying lengths, which could be very important to the causation issue.

STANDARD OF REVIEW
¶ 5. In issues regarding improper joinder, this Court employs a deferential standard of review. Janssen Pharmaceutica, Inc. v. Bailey, 878 So.2d 31, 45 (Miss.2004). See also Janssen Pharmaceutica, Inc. v. Armond, 866 So.2d 1092, 1095 (Miss.2004); Ill. Cent. R.R. v. Travis, 808 So.2d 928, 931 (Miss.2002), overruled on other grounds, Capital City Ins. Co. v. G.B. "Boots" Smith Corp., 889 So.2d 505 (Miss.2004); Donald v. Amoco Prod. Co., 735 So.2d 161, 181 (Miss.1999); Estate of Jones v. Quinn, 716 So.2d 624, 626 (Miss.1998); Beech v. Leaf River Prods., Inc., 691 So.2d 446 (Miss.1997); Bobby Kitchens, Inc. v. Miss. Ins. Guar. Ass'n, 560 So.2d 129, 135 (Miss.1989); Miss. State Highway Comm'n v. Rogers, 240 Miss. 529, 128 So.2d 353, 358 (1961).

ANALYSIS

I. Did the Trial Court Err in Denying Certain Defendants' Motion to Sever?
¶ 6. Certain Defendants argue that the plaintiffs are improperly joined because the health and work histories are so varied that they do not meet the standards required for joinder. More specifically, they argue that the same transaction and occurrence requirement of Miss. R. Civ. P. 20 is not met by the plaintiffs' claims. Defendants also argue that they will be denied due process and joinder would result in an unfair trial.
¶ 7. Plaintiffs argue that they have met the requirements of Miss. R. Civ. P 20. The plaintiffs state that it was the defendants' placement of asbestos-containing products into the stream of commerce, as well as defendants' engagement in a conspiracy that constitutes the transaction or series of transactions from which plaintiffs derive a commonality. The trial court, in denying defendants' motion to sever, relied on American Bankers Ins. Co. v. Alexander, 818 So.2d 1073 (Miss.2001), overruled by Capital City Ins. Co. v. G.B. "Boots" Smith Corp., 889 So.2d 505, 2004 WL 2403939 (Miss.2004), and stated that the transaction or occurrence test of Miss. R. Civ. P. 20 was satisfied because the plaintiffs allege a common pattern of behavior among various defendants in allowing or contributing to the exposure.
¶ 8. The case at bar is controlled by Janssen Pharmaceutica, Inc. v. Armond, 866 So.2d 1092, 1097 (Miss.2004), wherein this Court drew the line with respect to what is considered "the same transaction, occurrence, or series of transactions or occurrences."
¶ 9. As Miss. R. Civ. P. 20 states "both requirements must be satisfied in order to sustain party joinder under Rule *501 20(a)." M.R.C.P. 20 cmt. (emphasis added). Pursuant to the February 20, 2004, amendment made to Rule 20, the comment now states that "[t]he phrase `transaction and occurrence' requires that there be a distinct litigable event linking the parties." (emphasis added). In the case sub judice the plaintiffs do not have a distinct litigable event that links them together. The controversy identical to all plaintiffs is the exposure of asbestos at Ingalls Shipyard. However, the events giving rise to the litigation were quite different for each plaintiff. Although each plaintiff worked at a common workplace, Ingalls Shipyard, their employment was at different dates and times. Each plaintiff worked at Ingalls Shipyard for varying lengths of time. The most one plaintiff worked at Ingalls Shipyard was around seventeen years and the least amount of time was about a year. Each plaintiff was exposed to asbestos for varying lengths of times, depending on how long they worked at Ingalls Shipyard. Each plaintiff had a different job description and a different work site. Of the nine plaintiffs, four could remember working on the same ship. However, they worked on this ship at different times and for varying lengths of time. Some plaintiffs even stated that they could have been exposed to asbestos at other places of employment other than Ingalls Shipyard. Each plaintiff also has a different medical history which could make it harder for some of the plaintiffs to prove causation. There are too many differences between the plaintiffs, and there is not a distinct litigable event linking the parties together, except that they all at one time in their life worked at Ingalls Shipyard.

CONCLUSION
¶ 10. This Court finds, based on Armond, that the joinder of these claims is improper. The plaintiffs' claims do not satisfy Miss. R. Civ. P. 20(a). As stated above, there are two requirements that must be satisfied in order to join parties under Rule 20(a): (1) a right to relief must be asserted by or against each plaintiff or defendant relating to or arising out of the same transaction or occurrence; and, (2) some question of law or fact common to all the parties will arise in the action. In the case sub judice, the plaintiffs do not meet the first requirement under the rule. Their right to relief does not relate or arise out of the same transaction or occurrence. There is no single transaction or occurrence connecting all of these plaintiffs to justify joinder pursuant to Miss. R. Civ. Pro. 20. Since the plaintiffs do not satisfy the first requirement under Rule 20, the joinder of these claims is improper.
¶ 11. For these reasons, we reverse the circuit court's order and remand the case for severance of all claims with instructions to the trial court to transfer the severed cases to those jurisdictions in which each plaintiff could have brought his claim.
¶ 12. REVERSED AND REMANDED.
WALLER, AND COBB., P.JJ., CARLSON AND DICKINSON, CONCUR. EASLEY AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.
NOTES
[1] It is unclear whether Plaintiff Jerry Gillespie ever worked at Ingalls. Plaintiffs' complaint states that Gillespie worked at Ingalls from 1946 to 1952. However, by deposition he testified that he had never worked at Ingalls. At the time of his deposition, Gillespie had suffered a stroke and was residing in nursing home.