# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-02033-SCT

*THE PARK ON LAKELAND DRIVE, INC. AND SHANE DOUGLAS*

*v.*

*NANCY J. SPENCE*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/07/2005 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | LEANN W. NEALEY |
| | ROBERT A. MILLER |
| | LEM MONTGOMERY, III |
| ATTORNEYS FOR APPELLEE: | MICHAEL HARTUNG |
| | S. MALCOLM O. HARRISON |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 10/19/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND CARLSON, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     This case comes to us via an interlocutory appeal after the Circuit Court for the First Judicial District of Hinds County entered an order denying the motion to transfer venue to Rankin County and to dismiss Shane Douglas, filed by The Park on Lakeland Drive, Inc. The parties present a question of whether Shane Douglas was fraudulently joined for the sole purpose of establishing venue in Hinds County, Mississippi. Therefore, at issue is whether the plaintiff, Nancy J. Spence, asserted a reasonable claim of liability against Shane Douglas.

Finding that the trial judge erred in refusing to transfer venue to Rankin County and dismiss Shane Douglas, we reverse the circuit court's order and remand this case to the Circuit Court for the First Judicial District of Hinds County with instructions to transfer venue to the Circuit Court of Rankin County.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. This personal injury suit arises from a collision between two ice skaters at The Park on Lakeland Drive, Inc. (The Park) during a public session. The Park is an amusement park in Rankin County. On or about January 2, 2002, the plaintiff, Nancy J. Spence, took her two children ice skating at The Park. Because her children were inexperienced skaters, Spence proceeded to teach them how to skate by skating backwards and holding their hands for guidance. While skating backwards, Spence and Maggie Harper, a ten-year-old girl, collided. Maggie was an amateur competition skater who was also a student at The Park. Maggie had attended private one-on-one lessons and group lessons. However, when this particular incident took place, Maggie was skating for her own recreational purposes. At the time of this incident, Maggie was at The Park during a paid public session, although she previously had a skating lesson earlier that same morning. The facts are disputed as to how the collision occurred. Spence claims Maggie was practicing maneuvers in the center ice when Maggie fell into Spence's path and Spence tripped over Maggie, hitting Spence's head on the ice.

¶3.    Thereafter, on June 29, 2004, Spence filed the present lawsuit against The Park and its managers, Martha White, Jeffrey Wilburn,[1] and Shane Douglas.[2]    After being served with process on August 31, 2004, The Park filed a motion for a transfer of venue and dismissal of Shane Douglas as a fraudulently joined defendant.[3]    The Park's motion was heard on November 22, 2004, before Circuit Judge Winston L. Kidd.    In support of its motion, The Park appended the sworn affidavit of Martha White, its general manager, detailing the incident and the responsibilities of Shane Douglas.[4]

---

[1]In the record, Jeffrey Wilburn is sometimes referred to as Jeffrey Welborn.    Since his signed affidavit reveals Jeffrey's surname as "Welborn," we will maintain consistency by referring to Jeffrey as "Welborn," except when referring to quoted text using the name "Wilburn."

[2]In her complaint, Spence asserted that the individual defendants were all residents of Hinds County; however, in its motion to transfer venue and dismiss Douglas, with the attached affidavits of Martha White and Jeffrey Welborn, The Park alleged, inter alia,  that both White and Welborn were Rankin County residents, and that only Douglas was a Hinds County resident.

[3]Shane Douglas was not served with process until November 18, 2004,  approximately 142 days after commencement of the case.    Therefore, he was not served within the requisite time period as provided in Miss. R. Civ. P. 4(h).

[4]The affidavit alleged various facts, such as: "Shane Douglas, although employed by The Park, was not working, was not scheduled to work, and was not present at The Park when the subject incident occurred on January 2, 2002."    Douglas was a skate instructor at The Park, and his job was to schedule and administer private skating lessons upon request; Douglas did not manage The Park, did not hire skate attendants or participate in any staffing or employment decisions, and did not decide the rules of the rink that applied during public skating sessions; while Douglas, as a skate instructor, enforced the rules and supervised his skaters while he was on the ice giving lessons, Douglas was not scheduled to teach a skating lesson and was not on the premises at the time of Spence's alleged injury and, thus, Douglas could not have personally committed any act or omission that caused Spence to fall.

¶4.    Spence then filed a motion to stay until discovery had been completed on the issue of whether venue was proper in Hinds County.  Since the circuit court did not rule on the motion, discovery ensued.  After discovery was completed, The Park again raised its objection to venue.[5]  On October 10, 2005, the Circuit Court of Hinds County entered an order denying The Park's motion to transfer venue and Douglas's motion to dismiss.  It is from this order that The Park and Douglas filed a petition for an interlocutory appeal, which was granted by this Court. See M.R.A.P. 5.

## DISCUSSION

### I.    WHETHER THE CIRCUIT COURT ERRED IN DENYING THE PARK'S MOTION FOR A CHANGE OF VENUE FROM HINDS COUNTY TO RANKIN COUNTY.

¶5.    While the primary issue is that of the trial judge's failure to transfer venue, we must also review the trial judge's refusal to dismiss Shane Douglas as a defendant. When we are called upon to consider a trial court's grant or denial of a motion to dismiss, this Court must apply a de novo standard of review.  *Scaggs v. GPCH-GP, Inc.*, 931 So.2d 1274, 1275 (Miss. 2006).  Likewise, in reviewing a trial court's ruling on a motion to dismiss, we will consider the allegations of the complaint to be taken as true, and the motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim."  *Id.* (citing *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So.2d 1234, 1236 (Miss. 1999)). *See also T. M. v. Noblitt*, 650 So.2d 1340, 1342 (Miss. 1995).

_____

[5]Shane Douglas joined in The Park's motion in addition to filing a separate motion for his dismissal from the lawsuit.

4

¶6. On the other hand, when reviewing a trial court's ruling on a motion to change venue, this Court applies an abuse of discretion standard of review. *Austin v. Wells*, 919 So. 2d 961, 963 (Miss. 2006) (citing *Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1002 (Miss. 2004)); *see also Christian v. McDonald*, 907 So. 2d 286, 287-88 (Miss. 2005). A trial judge's ruling on such motion "will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Austin*, 919 So. 2d at 964 (quoting *Wayne Gen. Hosp.*, 868 So. 2d at 1002) (citing *Stubbs v. Miss. Farm Bureau Cas. Ins. Co.*, 825 So. 2d 8, 12 (Miss. 2002); *McCain Bldrs, Inc. v. Rescue Rooter, LLC*, 797 So. 2d 952, 954 (Miss. 2001); *Beech v. Leak River Forest Prods., Inc.,* 691 So. 2d 446, 448 (Miss. 1997)).

¶7. The Park asserts that Douglas is not a proper party to this lawsuit and that Spence named Douglas as a defendant solely for the purpose of establishing venue in Hinds County. Because The Park believes that Douglas was fraudulently joined, The Park requests this Court to transfer venue to Rankin County, which, according to The Park, is the only proper county for venue purposes.

¶8. "Venue is a function of statute." *Flight Line, Inc. v. Tanksley*, 608 So. 2d 1149, 1155 (Miss. 1992). This lawsuit was commenced on June 29, 2004; however, in 2004, the Legislature amended Miss. Code Ann. Section 11-11-3. Despite the 2004 legislative amendment to the statute, the pre-amendment version was applicable to the facts of this case because of the June 2004 filing date. When this lawsuit was commenced, the relevant parts

5

of Mississippi's general venue statute, section 11-11-3 stated, "[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant resides or in the county where the alleged act or omission occurred or where the event that caused the injury occurred. . ."[6] *Id.* We have previously addressed venue issues in cases involving more than one defendant.

> [W]here venue is good as to one defendant, it is good as to all defendants. This is true where the defendant upon whom venue is based is subsequently dismissed from the suit. In such situations, venue as to the remaining defendants continues despite the fact that venue would have been improper, if the original action had named them only.

*Estate of Jones v. Quinn*, 716 So. 2d 624, 627 (Miss. 1998); *Blackledge v. Scott*, 530 So. 2d 1363, 1365 (Miss. 1988) (citing *Jefferson v. Magee*, 205 So. 2d 281 (Miss. 1967)).

¶9. In *New Biloxi Hospital, Inc. v. Frazier*, 245 Miss. 185, 192, 146 So. 2d 882, 884-85 (1962), we outlined a three-prong test in which an action may remain in a county where it was brought.

> Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists -- [1] the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; [2] the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; and [3] there was a reasonable claim of liability asserted against the resident defendant.

---

[6]The 2004 legislative amendment to section 11-11-3, which was effective "from and after Sept. 1, 2004, and applicable to all causes of action filed on or after Sept. 1, 2004," is not applicable to this case.

*Frazier*, 245 Miss. at 192, 146 So.2d at 884-85 (citations omitted). Furthermore, to determine whether the joinder of a defendant is a result of fraud, the appropriate question to ask is "whether the facts support inclusion of the defendant upon whom venue is based." *Wayne Gen. Hosp.*, 868 So. 2d at 1002; *Estate of Jones*, 716 So. 2d at 628 (citing *Jefferson v. Magee*, 205 So. 2d at 283). The Court is not concerned with whether the plaintiff's attorney had the intent to fraudulently or frivolously establish venue. *Id.* In fact, the intent of the plaintiff's attorney is irrelevant. Therefore, in today's case, we must determine whether Spence had a reasonable claim of liability against Douglas, or whether Douglas was in fact fraudulently joined.

¶10. It is necessary to begin with the "well-pleaded allegations of the complaint[,]" and any "other evidence in cognizable form[,]" including affidavits. *Flight Line, Inc.*, 608 So. 2d at 1155. In addition, it is well settled in Mississippi that "the plaintiff selects among the permissible venues, and his choice must be sustained unless in the end there is no credible evidence supporting the factual basis for the claim of venue." *Id.* However, venue is a valuable right to the defendant as well and timely objections to improper venue must be honored. *Id.*

¶11. In the instant case, Spence failed to assert a reasonable claim of liability against Douglas. Therefore, the third prong of the *Frazier* test has not been satisfied. That being said, we are constrained to find that venue was never proper in Hinds County and that the trial judge abused his discretion in allowing Spence to conduct discovery. Douglas should have been dismissed following The Park's submission of affidavits detailing the incident and the role, or

non-role, that Douglas maintained in this incident. Spence never offered any evidence to support the inclusion of Douglas as a defendant.

¶12. Spence's complaint alleges that the "Defendants, Martha White, Jeffrey Wilburn, and Shane Douglas were managers at the Ice Park, and in charge of supervision and safety and breached their duties of care causing or proximately contributing to the cause of Plaintiff's injuries and damages." The complaint, nor anything else in the record, sets forth exactly what affirmative act or omission by Douglas created liability on his part.

¶13. After being served with Spence's complaint, The Park filed a motion to transfer venue and to dismiss Douglas as a defendant in the lawsuit. In support of its motion, The Park appended an affidavit from its general manager, Martha White. In her affidavit, White states that Douglas was not present at the skating rink when the accident took place; that Douglas was not responsible for supervising public sessions; that Douglas's only connection with The Park related to private skating lessons; and, that Douglas had no duty to discourage high speed skating, or to hire floor guards or rink attendants, nor did Douglas decide the rules of the rink.

¶14. Spence was unable to sufficiently respond to The Park's motion and show that Douglas was in any way even remotely responsible for Spence's accident. Initially, Spence responded to The Park's motion by seeking discovery to compile factual support for Spence's allegation. The trial judge never ruled on The Park's motion; and therefore, discovery ensued. However, we find that even upon completion of discovery, there was nothing offered by Spence to assert a reasonable claim of liability against Douglas. Spence's main theory relies on Douglas's expertise in skating. Douglas cannot be responsible based solely on his knowledge of skating.

8

In order to prevail against Douglas, Spence must show some duty on the part of Douglas, and that Douglas breached that duty. Stated differently, in order to recover against Douglas, Spence is required to prove the conventional tort elements of (1) duty, (2) breach of duty, (3) proximate causation, and (4) damages. *City of Greenville v. Jones*, 925 So.2d 106, 109 (Miss. 2006); *Montgomery v. Woolbright*, 904 So.2d 1027, 1029 (Miss. 2004). This, Spence has wholly failed to do. Additionally, to impose liability on Douglas anytime a "skating student" gets into an accident would be nonsensical, especially when the student is involved in recreational skating during a public session. That being said, the motion to dismiss Douglas and transfer venue to Rankin County, Mississippi was improperly denied. We thus find this issue to have merit.

## II. WHETHER THE CIRCUIT COURT ERRED IN DENYING THE MOTION TO DISMISS SHANE DOUGLAS.

¶15. Alternatively, The Park argues that Douglas was not served with process within the 120-day provision as set out in Miss. R. Civ. P. 4(h), and that Douglas must therefore be dismissed from this action. However, based on our disposition of Issue I, we find it unnecessary to address this issue.

## CONCLUSION

¶16. For the reasons stated, we find venue in this case is improper in Hinds County, because Shane Douglas was fraudulently joined and must be dismissed from the case. Accordingly, we are constrained as a matter of well-established law to reverse the circuit court's order denying the motion to dismiss Shane Douglas and transfer venue to Rankin County, and remand this

case to the Circuit Court for the First Judicial District of Hinds County with instructions to (1) dismiss, without prejudice, Shane Douglas as a defendant and (2) transfer the venue of this case to the Circuit Court of Rankin County for further proceedings consistent with this opinion.

¶17.    **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER, P.J., EASLEY, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. COBB, P.J., AND GRAVES, J., NOT PARTICIPATING.**