# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-IA-00320-SCT

*WAYNE GENERAL HOSPITAL, CIRILA REYES,*
*M.D., R. KELVIN SHERMAN, M.D., AND WILLIAM*
*E. POWELL, M.D.*

*v.*

*WANDA HAYES, INDIVIDUALLY, AND AS NEXT*
*FRIEND AND NATURAL GUARDIAN OF*
*LATARIUS HAYES, A MINOR ON BEHALF OF ALL*
*WHO ARE ENTITLED TO RECOVER UNDER THE*
*WRONGFUL DEATH AND SURVIVAL STATUTE*
*FOR THE DEATH OF WA'LANDRA MESHA*
*HAYES, DECEASED*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 2/5/2001 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MATTHEW D. MILLER |
| | ROBERT D. GHOLSON |
| | J. ROBERT RAMSAY |
| ATTORNEY FOR APPELLEES: | GERALD PATRICK COLLIER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 03/25/2004 |
| MOTION FOR REHEARING FILED: | 11/20/2003 |
| MANDATE ISSUED: | |

**EN BANC.**

**SMITH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied.  The previous opinions of this Court are withdrawn, and this

opinion is substituted therefor.

¶2. This interlocutory appeal arises from the Circuit Court of Hinds County, where the trial judge refused to grant the defendants' motion for transfer of venue. We reverse and remand this action for proceedings consistent with this opinion, finding that: (1) the plaintiffs were not reasonably diligent in investigating the cause of their decedent's injuries; considering the facts and circumstances present at the time of death, the plaintiffs knew or reasonably should have known enough to recognize that some negligent conduct had occurred; therefore, the plaintiffs do not benefit from the discovery rule; their claims against the University of Mississippi Medical Center, Dr. Mark Dabagia, and Dr. Avinash Gulanikar ("UMMC Defendants") were time barred, and, as a result, the UMMC defendants were not proper parties to this lawsuit; (2) the trial judge abused his discretion in refusing the defendants' motion to transfer venue since there was no reasonable basis for the plaintiffs' claims against the UMMC defendants; (3) Wayne General Hospital ("WGH") is a community hospital for purposes of the MTCA and is therefore entitled to venue in Wayne County as a matter of right; and (4) the issue of whether the plaintiffs' claims against WGH should have been dismissed is not properly before this Court.

## FACTS

¶3. On September 22, 1997, Wa'Landra Mesha Hayes was admitted by Dr. Kelvin Sherman to Wayne General Hospital ("WGH") for twenty-four hour outpatient observation for pneumonia. While at WGH, Wa'Landra exhibited respiratory distress, facial edema, liver enlargement, and signs of renal failure and was thereafter transferred to the UMMC. There is a gap in the record between September 23, 1997, and September 28, 1997. During this time, it is unknown where Wa'Landra was hospitalized and what procedures and medications were given.

¶4. The UMMC doctors determined that Wa'Landra required a peritoneal dialysis catheter. Dr. Mark Dabagia ("Dr. Dabagia") performed the procedure. Wa'Landra's bowels were perforated, and this

2

resulted in peritonitis. A serious infection then developed in Wa'Landra's blood stream. She was later transferred to Arkansas Children's Hospital in Little Rock, Arkansas.

¶5. Wa'Landra died on October 13, 1997. Her death certificate lists cardiomyopathy, congestive heart failure, and sepsis as the causes of death. The plaintiffs contend that UMMC and its treating physicians contributed to Wa'Landra's death.

¶6. In the fall of 1999, Wanda Ann Hayes met a former employee of WGH, Venus McDougle. Venus was a nurse at WGH during the time that Wa'Landra was treated there. During this chance meeting, Venus alleged that she witnessed negligent care of Wa'Landra at WGH. Thus, the plaintiffs contacted an attorney and proceeded with a claim. On December 21, 1999, some 2 years and 2 months after Wa'Landra's death, plaintiffs submitted Notice of Claim letters, as required by the MTCA. On March 27, 2000, the Plaintiffs filed a complaint in the Circuit Court of the First Judicial District of Hinds County, Mississippi. The complaint listed the following as defendants: WGH, the UMMC Defendants, Dr. Kelvin Sherman, Dr. William Powell, Dr. Cirila Reyes, and John Doe Persons and Entities. WHG, Dr. Sherman, Dr. Powell, and Dr. Reyes are all residents of Wayne County. The UMMC Defendants are all residents of Hinds County.

¶7. The UMMC Defendants filed a motion for summary judgment claiming lapse of the applicable statute of limitations under the MTCA, denial of negligence, individual immunity, and improper notice under the MTCA. Both Dr. Dabagia and Dr. Gulanikar submitted affidavits in support of the motion.

¶8. In response to the defendants' motion for summary judgment, the plaintiffs asserted that they properly complied with the MTCA. The Plaintiffs submitted an affidavit of Dr. John A. Tilelli. After a review of the medical records, Dr. Tilelli concluded that WGH, Dr. Sherman, Dr. Reyes, and Dr. Powell had been negligent in their care of Wa'Landra. However, Dr. Tilelli made no mention of the UMMC

3

Defendants in his affidavit. The plaintiffs also responded with an affidavit of Netra McElroy, a certified nurse practitioner.

¶9. The plaintiffs subsequently agreed to dismiss the UMMC Defendants from this action. As a result, the trial entered an Agreed Order of Dismissal Without Prejudice as to the UMMC Defendants. After the dismissal, WGH, joined by Dr. Sherman and Dr. Powell, moved to transfer venue. The trial court denied the motion.

¶10. On February 22, 2001, the defendants, WGH, Dr. Reyes, Dr. Sherman, and Dr. Powell, filed a Petition for Interlocutory Appeal in which we granted. *See* M.R.A.P. 5

## DISCUSSION

**I. THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, DR. MARK DABAGIA, AND DR. AVINASH GULANIKAR WERE NEVER PROPER PARTIES TO THIS LAWSUIT SINCE ANY CLAIMS AGAINST THEM WERE BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS PROVIDED BY MISS. CODE ANN. § 11-46-11(3).**

¶11. This Court applies the de novo standard of review when deciding issues of law. ***ABC Mfg. Corp. v. Doyle***, 749 So. 2d 43, 45 (Miss. 1999). The "application of a statute of limitations is a question of law." ***Sarris v. Smith***, 782 So. 2d 721, 723 (Miss. 2001). Therefore, the de novo standard applies to our review of WGH's first assignment of error.

¶12. Defendants WGH, Dr. Sherman, Dr. Powell, and Dr. Reyes argue that venue in Hinds County was never proper since all claims against the UMMC Defendants were barred by the one year statute of limitations provided for in the MTCA. Additionally, they assert that the discovery rule is not applicable because there was no latent injury and the Plaintiffs were not reasonably diligent in attempting to investigate the cause of Wa'Landra's death.

4

¶13. Plaintiffs, Wa'Landra's heirs, argue that venue in Hinds County was always proper since the discovery rule was applicable to all claims against the UMMC Defendants, tolling the statute of limitations until the plaintiffs discovered the alleged negligence and omissions in the fall of 1999. Furthermore, they argue that the discovery rule applies in this case since the acts or omissions causing the injuries resulting in Wa'Landra's death were latent and could not have been discovered.

¶14. The Mississippi Tort Claims Act ("MTCA") sets out certain requirements that a plaintiff must satisfy in bringing a claim against a government entity or its subdivisions. At least ninety days before filing suit, a plaintiff must file a notice of claim with the chief executive officer of the government entity. Miss. Code Ann. § 11-46-11(1) (Rev. 2002). In addition, the MTCA provides a one-year statute of limitations that begins to run from the date of the "tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." *Id*. § 11-46-11(3).

¶15. The discovery rule applies to the one-year MTCA statute of limitations. *Moore ex. rel. Moore v. Mem'l Hosp. of Gulfport*, 825 So. 2d 658, 667 (Miss. 2002) (citing *Barnes v. Singing River Hosp. Sys.*, 733 So. 2d 199, 204 (Miss. 1999)). *Williams v. Clay County*, 861 So.2d 953, 976 (Miss. 2003). The discovery rule will toll the statute of limitations "until a plaintiff 'should have reasonably known of some negligent conduct, even if the plaintiff does not know with absolute certainty that the conduct was legally negligent.'" *Id.* (quoting *Sarris v. Smith*, 782 So.2d at 725). Stated differently, "'the operative time [for the running of the statute of limitations] is when the patient can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the medical practitioner.'" *Id.* (quoting *Smith v. Sanders*, 485 So.2d 1051, 1052 (Miss. 1986). Moreover, to claim benefit of the discovery rule, a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury. "The focus is on the time that the patient discovers,

or should have discovered **by the exercise of reasonable diligence**, that he probably has an actionable injury." *Smith*, 485 So.2d at 1052 (emphasis added). *See also **Punzo v. Jackson County***, 861 So.2d 340, 346 (Miss. 2003); *Sweeney v. Preston*, 642 So. 2d 332 (Miss. 1994).

¶16.    Assuming without deciding that the injuries alleged here were latent, we find that the discovery rule did not operate to toll the statute of limitations.  First, the plaintiffs were not reasonably diligent in investigating the cause of Wa'Landra's injuries.  They filed suit after a chance meeting with Venus McDougle, a former employee of WGH.  The record does not reflect any type of investigation into Wa'Landra's treatment prior to this chance meeting, which occurred approximately two years after her death.  The intent of the discovery rule is to protect potential plaintiffs who cannot, through reasonable diligence, discover injuries done to them.

¶17.    Moreover, the plaintiffs, at that time of Wa'Landra's death, had enough information such that they knew or reasonably should have known that some negligent conduct had occurred, even if they did not know with certainty that the conduct was negligent as a matter of law.  Since the death certificate included sepsis as one of the causes of death, it should have been apparent to the plaintiffs that some negligent conduct had occurred.  Additionally, Wa'Landra was hospitalized at Arkansas Children's Hospital subsequent to the bowel perforation which allegedly occurred at the University of Mississippi Medical Center. This should have alerted her survivors of possible problems with her medical treatment.

¶18.    The plaintiffs filed their action against the UMMC defendants after the expiration of the MTCA statute of limitations.  Thus, their action against the UMMC Defendants was time barred, and the UMMC Defendants were never proper parties to this action.

> **II.    VENUE CANNOT REMAIN IN HINDS COUNTY SINCE THE PLAINTIFFS ONLY JOINED THE UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, DR. MARK DABAGIA, AND DR. AVINASH**

**GULANIKAR FOR THE PURPOSE OF FIXING VENUE IN HINDS COUNTY.**

¶19. The defendants argue that this action should not have remained in Hinds County after the dismissal of the UMMC Defendants. First, the defendants contend that the plaintiffs had no reasonable claim of liability against the UMMC Defendants. Moreover, the Defendants argue the UMMC Defendants were joined for no other purpose but to fix venue of this action in Hinds County.

¶20. Plaintiffs argue that at the time of filing they asserted valid claims against the UMMC Defendants and at all times believed they had a good faith claim against these defendants. Plaintiffs further argue that venue is determined at the time of filing, therefore venue was proper in Hinds County at the time of filing and is still proper even after the claims against these defendants were dismissed. Additionally, they argue that the voluntary dismissal does not change the rule that venue is determined at time of filing.

¶21. In reviewing a trial court's ruling on a motion to change venue, this Court applies the abuse of discretion standard. *Guice v. Miss. Life Ins. Co.*, 836 So. 2d 756, 758 (Miss. 2003). A trial judge's ruling on such an application "will not be disturbed on appeal unless it clearly appears that there has been an abuse of sdiscretion or that the discretion has not been justly and properly exercised under the circumstances of the case." *Id.*

¶22. Rule 82(b) of the Mississippi Rules of Civil Procedure provides that "[e]xcept as provided by this rule, venue of all actions shall be as provided by statute." Miss. Code Ann. § 11-11-3(1) provides that "[c]ivil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue." Moreover, "proper venue is determined at the time the lawsuit is originally filed, and subsequent dismissal of the defendant upon whom venue is based does not destroy proper venue." *Estate of Jones*

*v. Quinn*, 716 So.2d 624, 628 (Miss. 1998) (citing *Blackledge v. Scott*, 530 So.2d 1363, 1365 (Miss. 1988)).

¶23.    In *Estate of Jones*, we concluded that "[i]n suits involving multiple defendants, where venue is good as to one defendant, it is good as to all defendants. This is true where the defendant upon whom venue is based is subsequently dismissed from the suit." *Estate of Jones*, 716 So.2d at 627. Moreover, in such cases, "venue as to the remaining defendants continues despite the fact that venue would have been improper, if the original action had named them only." *Id.*  However, we have also held:

> Where an action is properly brought in a county in which one of the defendants resides, it may be retained notwithstanding there is a dismissal of the resident defendant, provided the following exists – [1]  the action was begun in good faith in the bona fide belief that plaintiff had a cause of action against the resident defendant; [2] the joinder of the local defendant was not fraudulent or frivolous, with the intention of depriving the non-resident defendant of his right to be sued in his own county; [3] and there was a reasonable claim of liability asserted against the resident defendant.

*Estate of Jones*, 716 So.2d at 627 (citing *New Biloxi Hosp., Inc. v. Frazier*, 245 Miss. 185, 146 So.2d 882, 885 (1962)).  When determining whether fraud was involved in the joining of defendants "the proper question is not whether the plaintiff's attorney intended to fraudulently establish venue, but whether the facts support inclusion of the defendant upon whom venue is based." *Estate of Jones*, 716 So.2d at 628 (citing *Jefferson v. Magee*, 205 So.2d 281, 283 (Miss. 1967)).  The defendants argue that the plaintiffs had no reasonable claim of liability against the UMMC Defendants and therefore fail to satisfy the third prong of the *Frazier* test.  We agree.

¶24.    This Court has held:

> [I]n order to prevail in a medical malpractice action, a plaintiff must establish, by expert testimony, the standard of acceptable professional practice; that the defendant physician deviated from that standard; and that the deviation from the standard of acceptable professional practice was the proximate cause of the injury of which plaintiff complains.

8

*Brown v. Baptist Mem'l Hosp. DeSoto, Inc.*, 806 So. 2d 1131, 1134 (Miss. 2002) (citing *Phillips ex rel. Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987)). *See also Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990).

¶25.    Here, in response to the UMMC Defendants' motion for summary judgment, the Plaintiffs responded with two affidavits.  The first witness, Netra McElroy, was at the time a certified Family Nurse Practitioner and Clinical Nurse Specialist.  We have held that a nurse is not qualified to testify as to the causal nexus between death and an alleged deviation from the standard of care.  *Richardson v. Methodist Hosp. of Hattiesburg, Inc.*, 807 So. 2d 1244, 1247-48 (Miss. 2002).   Moreover, the plaintiffs' second witness, Dr. John Tilelli, made no mention of the UMMC Defendants or their alleged negligence in his affidavit.

¶26.    Instead of moving forward, the plaintiffs voluntarily dismissed their claims against the UMMC Defendants.  The logical inference is that the plaintiffs' claims against the UMMC Defendants were not capable of withstanding a motion for summary judgment.  If the plaintiffs' claims could not survive a motion for summary judgment, as is obviously the case here, then they clearly failed to assert a reasonable claim of liability against the UMMC Defendants.  Thus, the plaintiffs failed to satisfy the third prong of the *Frazier* test.  The trial judge therefore clearly erred in concluding that venue was proper in Hinds County after the voluntary dismissal of the UMMC Defendants.  Furthermore, it is clear that the trial judge abused his discretion in refusing the defendants' application for a change of venue.

### III.    WAYNE GENERAL HOSPITAL IS A "COMMUNITY HOSPITAL " UNDER THE MISSISSIPPI TORT CLAIMS ACT ENTITLING IT TO EXCLUSIVE VENUE IN WAYNE COUNTY.

¶27.    The defendants argue that under Miss. Code Ann. § 41-13-10, WGH is a 'community hospital" as defined in the MTCA.   Hospitals and physicians protected by the MTCA enjoy their own unique venue

statute provided for in Miss. Code Ann. § 11-46-13(2). The defendants argue that under Miss. Code §

11-46-13(2) the only proper venue is Wayne County, Mississippi.

¶28.    Plaintiffs argue that Miss. Code Ann. § 11-46-13(2) does not preclude other venues. They argue

that the statute does not provide for only one venue; therefore, venue may be determined by Miss. Code

Ann. § 11-11-3(1).

¶29.    The MTCA provides the exclusive remedy for suits and claims asserted against the state and its

political and corporate subdivisions. Miss. Code § 11-46-1(g) defines the term "governmental entity" to

include "state and political subdivisions as herein defined." For purposes of the MTCA,

> "Political subdivision" means any body politic or body corporate other than the state
> responsible for governmental activities only in geographic areas smaller than that of the
> state, including, but not limited to, any county, municipality, school district, **community
> hospital as defined in Section 41-13-10, Mississippi Code of 1972**, airport
> authority or other instrumentality thereof, whether or not such body or instrumentality
> thereof has the authority to levy taxes or to sue or be sued in its own name.

Miss. Code Ann. § 11-46-1(i) (2002) (emphasis added). According to Miss. Code Ann. § 41-13-10(c)

(2001),

> "Community hospital" shall mean any hospital, nursing home and/or related health facilities
> or programs, including without limitation, ambulatory surgical facilities, intermediate care
> facilities, after-hours clinics, home health agencies and rehabilitation facilities, established
> and acquired by boards of trustees or by one or more owners which is governed, operated
> and maintained by a board of trustees.

 Miss. Code Ann. § 11-46-7(1)  provides the exclusive remedy "against the governmental entity or its

employees or the estate of the employee for the act or omission which gave rise to the claim or suit."

Furthermore, "any claim made or suit filed against a governmental entity or its employee to recover

damages for any injury . . . shall be brought only under the provisions of this chapter; notwithstanding the

provisions of any other law to the contrary." *Id*. The MTCA venue statute reads as follows:

> The venue for any suit filed under the provisions of this chapter against the state or its employees shall be in the county in which the act, omission or event on which the liability phase of the action is based, occurred or took place. The venue for all other suits filed under the provisions of this chapter shall be in the county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located. The venue specified in this subsection shall control in all actions filed against governmental entities, notwithstanding that other defendants which are not governmental entities may be joined in the suit, and notwithstanding the provisions of any other venue statute that otherwise would apply.

Miss. Code Ann. § 11-46-13(2). The second sentence of this statute "controls only in 'all other suits filed under the provisions of this chapter,' meaning all suits other than those filed against state employees."

*Estate of Jones*, 716 So. 2d at 628.

¶30.    This Court has held that where a plaintiff sues a county, the only proper venue is that county:

> There is sound reason for requiring a county to be sued in the county, or in the court which sits at the county site and has jurisdiction of the suit. A county can only act through it's officers, and these officers are charged with various duties for the public welfare. In defending suits against counties, the officers might be taken out of the county or called away from their public duties and the public interests would suffer in many cases by reason of their absence from the duties while attending court in other places than at the county site. The records might often have to be carried away from the county site, if such suits were maintained, to the place where the suit was tried and would endanger the safety of the said records and discommode the safety of the said records and discommode the public who might desire to resort to the records for any lawful purpose for which they are made and used.

*Boston v. Hartford Acc. & Indem. Co.*, 822 So. 2d 239, 24 (Miss. 2002) (quoting *City of Jackson v. Wallace*, 189 Miss. 252, 196 So. 223, 224-25 (1940)).

¶31.    Here, it is clear that venue was proper only in Wayne County. First, WGH is, as the plaintiffs put it, "a creature of the state of Mississippi." According to WGH, it is "a hospital institution owned and operated by Wayne County and its Board of Supervisors and thus is a political subdivision of the state of Mississippi." Thus, there is no dispute that the MTCA applies to WGH. In addition, the plaintiffs do not dispute that WGH is a "community hospital" for purposes of the MTCA.

¶32. The MTCA is clear on this point: where a plaintiff files suit against an MTCA-protected public entity other than the state of Mississippi or its employees, venue is proper only in the "county or judicial district thereof in which the principal offices of the governing body of the political subdivision are located." As we concluded in *Estate of Jones*, this portion of Miss. Code Ann. § 11-46-13(2) refers to all suits other than those filed against state employees. The plaintiffs do not allege that WGH is a state employee, and the record shows that WGH is a political subdivision of Wayne County, Mississippi. Thus, the second sentence of Miss. Code Ann. § 11-46-13(2) applies to this case. Having determined that Hinds County was never a proper venue for this action, we conclude that the only proper venue for the plaintiffs' action against WGH is Wayne County, Mississippi.

**IV. THE PLAINTIFFS' CLAIMS AGAINST WAYNE GENERAL HOSPITAL SHOULD HAVE BEEN DISMISSED BY THE CIRCUIT COURT JUDGE SINCE NO NOTICE OF CLAIM WAS TIMELY FILED AND ANY CLAIMS ARE BARRED BY THE ONE YEAR STATUTE OF LIMITATIONS UNDER MISS. CODE § 11-46-11(3).**

¶33. Defendants argue that the circuit court judge erred in refusing to grant their motion to dismiss. According to the defendants, the plaintiffs failed to timely submit a Notice of Claim under Miss. Code § 11-46-11(1). They further argue that under Miss. Code § 11-46-11(3) the Notice of Claim and any cause of action must be commenced within one year after the date of the alleged acts of negligence or omissions.

¶34. Plaintiffs argue that the circuit court judge did not err in his refusal to grant the defendants' motion to dismiss. They argue that the defendants failed to raise this argument in their Petition for Interlocutory Appeal and are therefore precluded from raising the issue now. Furthermore, plaintiffs argue that the statute of limitations provided for in Miss. Code § 11-46-11(3) is subject to the discovery rule, therefore

12

the statute of limitations on their action did not begin until the fall of 1999. Moreover, plaintiffs argue that the trial judge reserved ruling on the motion - that is, the trial judge did not rule on the motion.

¶35. The defendants acknowledge that they failed to raise this issue on appeal, but they cite *Tinnon v. Martin*, 716 So.2d 604, 613 (Miss. 1998), where the Court addressed a defendant's constitutional argument that was not raised on appeal in order to promote judicial economy in the courts. They argue that in the interest of judicial economy this Court should consider this issue on appeal. However, it is clear that this issue is not properly before the Court. Under our Rules of Appellate Procedure, a party requesting permission to take interlocutory appeal must submit a petition which

> shall contain a statement of the facts necessary to an understanding of the question of law determined by the order of the trial court; **a statement of the question itself**; and a statement of the reasons why the certification required by Rule 5(a) properly was made or should have been made.

M.R.A.P. 5(b) (emphasis added). The defendants concede that they did not include this assignment of error in their Petition for Interlocutory Appeal. We are therefore procedurally barred from deciding this issue.

## CONCLUSION

¶36. We conclude that the learned trial judge abused his discretion in denying the defendants' motion to transfer venue. At the time of Wa'Landra's death, the plaintiffs knew or reasonably should have known enough to recognize that negligent conduct had occurred in connection with her medical treatment. Moreover, the heirs were not reasonably diligent in investigating the cause of Wa'Landra's injuries. As a result, the discovery rule does not apply in this case. The plaintiffs' claims against the University of Mississippi Medical Center, Dr. Mark Dabagia, and Dr. Avinash Gulanikar ("UMMC Defendants") were, therefore, time-barred, and the UMMC Defendants were never proper parties to this lawsuit. Second,

venue is improper in Hinds County as to the remaining defendants because the plaintiffs failed to assert a reasonable claim of liability against the UMMC Defendants; therefore, pursuant to *Frazier*, venue is not proper in Hinds County as to the remaining defendants since the resident UMMC Defendants have been dismissed. Third, Wayne General Hospital is a community hospital for purposes of the MTCA and is therefore entitled to venue in the county in which the principal offices of its governing body are located, i.e., Wayne County. Finally, we decline to pass on whether WGH's motion for dismissal should have been granted since that issue is not properly before this Court. Therefore, we reverse the trial court's order denying the defendants' motion to transfer venue, and we remand this case to the trial court with directions that it promptly transfer the venue of this case to the Circuit Court of Wayne County for further proceedings consistent with this opinion.

¶37.    **REVERSED AND REMANDED.**

**PITTMAN, C.J., WALLER, P.J., COBB, CARLSON AND DICKINSON, JJ., CONCUR. EASLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**