GRIFFIS, P.J.,
for the Court:
¶ 1. Kathleen Elmore Jamison, the administrator of the estate of Boyce Elmore, appeals the chancellor’s decision that found Cedric Williams to be an illegitimate son and heir of Boyce. In this appeal, Kathleen argues that the chancellor erred in his application of the statute of limitations. We find reversible error and ren *710 der a judgment in favor of Kathleen. We also remand for further estate proceedings consistent with this opinion.
FACTS
¶2. On November 5, 2000, Boyce died intestate in Marshall County, Mississippi.
¶ 3. On March 13, 2002, Kathleen filed a petition for letters of administration. In the petition, Kathleen alleged that she was the sole heir-at-law. On August 15, 2003, Kathleen filed an amended petition, adding Tekeyia Elmore Eaton as an additional surviving heir-at-law. On August 21, 2003, the estate was opened and the chancellor appointed Kathleen as the administrator for the estate. On August 25, 2003, letters of administration were issued to Kathleen, and she filed the affidavit of creditors. On August 28, 2003, notice to creditors was published. On September 25, 2003, proof of publication of the notice of creditors was filed.
¶ 4. On March 2, 2011, Cedric filed a motion for removal of Kathleen as the administrator and other relief. Kathleen responded to the motion. She alleged that Cedric lacked standing as an interested party.
¶5. On July 7, 2011, Cedric filed a “Complaint for Determination of Heirs/Paternity.” In response, Kathleen raised three affirmative defenses: (1) lack of standing, (2) failure to state a claim, and (3) statute of limitations. On July 22, 2011, Kathleen filed a motion to dismiss the complaint on these grounds.
¶ 6. After a hearing, on October 11, 2011, the chancellor entered an order that denied the motion to dismiss and permitted Cedric to intervene. A paternity hearing was held on June 19, 2012. On July 11, 2012, the chancellor entered an order finding Cedric to be an illegitimate son of Boyce and an heir of his intestate estate. It is from this judgment Kathleen now appeals.
STANDARD OF REVIEW
¶ 7. In re Estate of Thomas, 883 So.2d 1173, 1176 (¶ 9) (Miss.2004), the supreme court cited the applicable standard of review as follows: “An appellate court will not disturb the factual findings of a chancellor unless such findings are manifestly wrong or clearly erroneous. If there is substantial evidence to support the chancellor’s findings of fact, those findings must be affirmed. On questions of law, this Court reviews the record de novo.” (Internal citations and quotation marks omitted).
ANALYSIS
7. Whether the chancellor erred in applying the ninety-day statute of limitations and finding it tolled rather than the one year statute of limitations found in Mississippi Code Annotated section 91-1-15 (Rev.2013).
¶ 8. Kathleen claims that the chancellor erred, as a matter of law, when he applied the ninety-day limitations period and found it to be tolled rather than the one-year limitations period found in Mississippi Code Annotated section 91-1-15(3)(c).
¶ 9. Cedric has alleged that he was the illegitimate child of Boyce. As such, Cedric claims that he is entitled to inherit from Boyce’s intestate estate.
An illegitimate shall inherit from and through the illegitimate’s natural father ... according to the statutes of descent and distribution if: ...
There has been an adjudication of paternity after the death of the intestate, based upon clear and convincing evidence, in an heirship proceeding under Sections 91-1-27 and 91-1-29. *711 However, no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child. This one-year limitation shall be self-executing and may not be tolled for any reason, including lack of notice. If an administrator is appointed for the estate of the intestate and notice to creditors is given, then the limitation period shall be reduced to ninety (90) days after the first publication of notice, if less than one (1) year from the date of the intestate’s death; provided actual, written notice is given to all potential illegitimate heirs who could be located with reasonable diligence.
Miss.Code Ann. § gi-l-lS^Xc).[1]
¶ 10. Section 91 — 1—15(3)(c) “provides two time periods, only one of which is to be used.”. Thomas, 883 So.2d at 1178 (¶ 19). The chancellor clearly relied on the ninety-day limitations period. He found that Kathleen, as administrator:
[Fjailed to use reasonable diligence to ascertain potential heirs of [Boyce]. [KathleenJ’s failure prohibited [Cedric] from receiving notice of the administration of [Boyce]’s estate, as well as getting notice of publication of [n]otice to [creditors. Thus, [Kathleen]’s failure to give such notice results in the tolling of the 90-day statute. Therefore, [Cedric] was prevented by [Kathleen] from conforming to the statutory time limitation in [section] 91 — 1—15(3)(c) of the Mississippi Code Annotated.
As a result, the chancellor entered a judgment that found that Cedric’s Complaint to Determine Heirs/Paternity had been timely filed, and that he was a lawful heir of Boyce’s estate.
¶ 11. If this case were to be decided under the current version of section 91 — 1— 15(3)(c), Cedric would have been required to file the “action seeking an adjudication of paternity ... within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less.... ” Under the facts of this case, Cedric’s one-year limitations period would have expired on November 4, 2001. The ninety-day limitations period would have expired at the earliest on November 26, 2003. Since the one-year limitations period would have expired first, section 91 — 1—15(3)(c) would have barred any action to adjudicate paternity after November 4, 2001.
¶ 12. However, our review does not end here. We cannot find the chancellor in error for not applying the one-year limita *712 tions period. At the opening of the hearing, Kathleen’s attorney argued to the chancellor: “I think opposing counsel and I agree that under the statute [ (section 91 — 1—15(3)(c)) ], the one-year statute doesn’t apply here because it requires that no administrator has been appointed. Therefore the 90-day period would apply.” Although we are inclined to find that the one-year statute of limitations applies to the facts of this case and Cedric is barred from seeking relief because he filed outside of this time period, we nevertheless rely upon the “well-recognized rule ... that a trial court will not be put in error on appeal for a matter not presented to it for decision.” McDonald v. McDonald, 39 So.3d 868, 885 (¶ 54) (Miss.2010) (quoting Mills v. Nichols, 467 So.2d 924, 931 (Miss. 1985)).
¶ 13. We find no error as to this issue.

II. Whether the chancellor erred in finding that the ninety-day statutory limitation period was not un-tolled.

¶ 14. Kathleen next argues that the chancellor erred when he found the statutory limitation period tolled, but did not find it untolled when Cedric intervened in the estate proceeding. Thus, Kathleen contends that even if we find the ninety-day limitations period is appropriate, the chancellor erred because it ran before Cedric filed the Complaint for Determination of Heirs/Paternity.
¶ 15. Cedric filed his motion for removal of Kathleen as administrator on March 2, 2011. Kathleen asserts that this filing restarted, or untolled, the clock on the ninety-day limitations period, which had previously been tolled. She argues that Cedric’s filing demonstrates active participation in the administration process of the estate and obviates the need for any further notice. She claims that the filing of a motion equals a general appearance in the estate matter. Kathleen contends that the ninety-day limitations period should have started to run on March 2, 2011, at the latest.
¶ 16. As stated above, the chancellor found. that Kathleen had failed to give notice to Cedric, and the failure tolled the ninety-day limitations period. The chancellor then held that the effect of Kathleen’s failure to give notice prejudiced Cedric because he “was prevented by [Kathleen] from conforming to the statutory time limitation in [section] 91-1-15(3)(c) of the Mississippi Code Annotated.”
¶ 17. Once Cedric filed a motion in the estate matter, it could no longer be said that he did not have notice of the estate proceeding or the statutory time limitation in section 91-l-15(3)(c). Cedric’s motion for removal of the administrator acknowledged that the estate was opened on August 21, 2003, noted his understanding that Kathleen was appointed administrator, and noted that Kathleen had published notice to creditors but had taken no further action to proceed with the disposition of the estate.
¶ 18. We find that the chancellor should have found the limitations period untolled, or that the limitations period should have begun to run when Cedric had actual notice of the estate proceeding. When he filed his motion, on March 2, 2011, Cedric entered an appearance in Boyce’s estate proceeding and was on notice of Kathleen’s actions. Likewise, Cedric was then on notice that he had ninety days from March 2, 2011, to file a proceeding to adjudicate his paternity under section 91-l-15(3)(c). As a result, the limitations period in section 91-l-15(3)(c) expired no later than May 31, 2011.
*713 ¶ 19. Cedric waited until July 7, 2011, to serve and file his Complaint for Determination of Heirs/Paternity. Pursuant to Mississippi Code Annotated section 91 — 1— 15(3)(c), we find that Cedric filed his complaint for adjudication of paternity outside of the ninety-day limitations period. The limitations period for Cedric expired on May 31, 2011, at the latest. Because he did not bring his claim within the required limitations period, Cedric is barred from doing so now. We find that the chancellor committed reversible error. We reverse the chancellor’s judgment that found Cedric to be a lawful heir of Boyce’s, and render a judgment that dismisses Cedric’s Complaint for Determination of Heirs/Paternity. We also remand this action for the chancellor to conclude the administration of the estate consistent with this opinion.
¶ 20. THE JUDGMENT OF THE CHANCERY COURT OF MARSHALL COUNTY IS REVERSED; JUDGMENT IS RENDERED DISMISSING THE AP-PELLEE’S COMPLAINT FOR DETERMINATION OF HEIRS/PATERNITY; AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
LEE, C.J., IRVING, P.J., ISHEE, MAXWELL, FAIR AND JAMES, JJ., CONCUR. BARNES, J., CONCURS IN RESULT ONLY. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION. ROBERTS, J., NOT PARTICIPATING.

. Before 2005, section 91 — 1—15(3)(c) in relevant part read:
However no such claim of inheritance shall be recognized unless the action seeking an adjudication of paternity is filed within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less; and such time period shall run notwithstanding the minority of a child.
Since 2005, the statute has been amended twice. In 2005, the Legislature amended section 91 — 1—15(3)(c) and added the third sentence of the paragraph, which reads: "This one-year limitation shall be self-executing and may not be tolled for any reason, including lack of notice." In 2008, the Legislature amended section 91 — I—15(3)(c) and added that the 90-day limitation period required actual written notice be given to potential illegitimate heirs.
The amended language does not determine the outcome of this appeal, so it is not necessary that we consider the amendments further.