# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CT-01299-SCT

*IN THE MATTER OF THE ESTATE OF BOYCE ELMORE, DECEASED: KATHLEEN ELMORE JAMISON, ADMINISTRATOR*

*v.*

*CEDRIC WILLIAMS*

## <u>ON WRIT OF CERTIORARI</u>

| | |
|---|---|
| DATE OF JUDGMENT: | 07/06/2012 |
| TRIAL JUDGE: | HON. EDWIN H. ROBERTS, JR. |
| TRIAL COURT ATTORNEYS: | WILLIAM SCHNELLER |
| | CHRISTIAN GOELDNER |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | R. BRADLEY BEST |
| | EDWARD RUSSELL McNEES |
| ATTORNEY FOR APPELLEE: | WILLIAM F. SCHNELLER, JR. |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CHANCERY COURT OF MARSHALL COUNTY IS REVERSED AND RENDERED - 11/06/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

EN BANC.

### DICKINSON, PRESIDING JUSTICE, FOR THE COURT:

¶1.    Boyce Elmore died on November 5, 2000. More than ten years later, Cedric Williams—claiming to be Boyce's son—filed a paternity action in an effort to recover under Boyce's estate. After the chancellor held that Cedric's action was timely, Boyce's estate

appealed and the Court of Appeals reversed.  We agree with the Court of Appeals that the chancellor's decision must be reversed, but for a different reason.

**ANALYSIS**

¶2.     In Mississippi, a nonmarital child may file an action to establish paternity "within one (1) year after the death of the intestate or within ninety (90) days after the first publication of notice to creditors to present their claims, whichever is less . . . ."[1]  Boyce's estate was not opened during the year following his death, so the statute's provision related to the publication of notice to creditors is not applicable.

¶3.     Two years after Boyce's death, his wife Kathleen filed a petition for letters of administration in the Marshall County Chancery Court and was named administrator of Boyce's estate.  Because she failed to provide Cedric notice of the estate, the chancellor held that Cedric's paternity action was timely filed because the estate's failure to provide him notice tolled the ninety-day limitation period.

¶4.     The Court of Appeals stated it was "inclined to find that the one-year statute of limitations applie[d]," and that "Cedric is barred from seeking relief because he filed outside

---

[1] Miss. Code Ann. § 91-1-15(3)(c) (Rev. 2013).  In 2005, the Legislature amended the statute and clarified that "[t]his one-year limitation shall be self-executing and may not be tolled for any reason, including lack of notice."  Miss. Code Ann. § 91-1-15(3)(c).  For purposes of this appeal, this Court will apply the version of the statute in effect when Boyce Elmore died.  *See Mladinich v. Kohn*, 186 So. 2d 481, 483 (Miss. 1966) ("A statute will not be given retroactive effect unless it is manifest from the language that the legislature intended it to so operate.").

2

of this time period . . . ."[2] But because the estate did not argue to the chancellor that the one-year statute of limitations applied, the Court of Appeals refused to apply it. The Court cited the familiar rule that "'a trial court will not be put in error on appeal for *a matter* not presented to it for decision.'"[3] However, the "matter" the estate raised was the running of the statute of limitations under Section 91-1-15. Thus, the matter was presented squarely for the chancellor's decision.

¶5. It is true that the estate's trial counsel mistakenly told the chancellor during oral arguments that he believed the ninety-day provision, rather than the one-year provision, applied. But how a statute of limitations applies is a legal question.[4] An attorney's opinion of the law expressed during an oral argument does not absolve the chancellor from his duty to apply the correct law and the plain language of the statute.[5]

**CONCLUSION**

¶6. Cedric's paternity action brought nearly eleven years after Boyce's death is time-barred. The chancery court erred in not granting Kathleen's motion to dismiss. The Court

---

[2] *In re Estate of Elmore*, No. 2012-CA-01299-COA, 2013 WL 6171283, at *3 (Miss. Ct. App. Nov. 26, 2013).

[3] *Id.* (quoting **McDonald v. McDonald**, 39 So. 3d 868, 885 (Miss. 2010)) (emphasis added).

[4] *See, e.g.*, **Stringer v. Trapp**, 30 So. 3d 339, 341 (Miss. 2010) (citing **Wayne Gen. Hosp. v. Hayes**, 868 So. 2d 997, 1000 (Miss. 2004)) ("The issue of whether the applicable statute of limitations has run is a question of law.").

[5] *See, e.g.*, **Caldwell v. N. Miss. Med. Ctr., Inc.**, 956 So. 2d 888, 890-91 (Miss. 2007) (citing **Pinkton v. State**, 481 So. 2d 306, 309 (Miss. 1985)) ("When construing the meaning of a statute, we must look at the words of the statute.").

of Appeals correctly reversed the chancellor's judgment but failed to apply Section 91-1-15(3)(c)'s one-year period of limitations. Under Mississippi law, failure to bring a timely paternity claim bars the nonmarital child's right to inherit as an heir under our statute.

¶7.     We affirm the judgment of the Court of Appeals, although for different reasons, and likewise reverse and render the judgment of the Chancery Court of Marshall County.

¶8.     **THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. THE JUDGMENT OF THE CHANCERY COURT OF MARSHALL COUNTY IS REVERSED AND RENDERED.**

      **WALLER, C.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR. RANDOLPH, P.J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**