**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2014-CA-00972-COA**

**DEVON REEG**                                                              **APPELLANT**

**v.**

**MURRAY BERT KEEL, JR., D.M.D. AND THE**                    **APPELLEES**
**DENTAL OFFICE OF M. BERT KEEL, JR.,**
**D.M.D.**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/17/2014 |
| TRIAL JUDGE: | HON. LAWRENCE PAUL BOURGEOIS JR. |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | NATALIA OKONIEWSKI |
| ATTORNEY FOR APPELLEES: | CLEMENT S. BENVENUTTI |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| TRIAL COURT DISPOSITION: | DISMISSED CASE |
| DISPOSITION: | AFFIRMED - 08/18/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**MAXWELL, J., FOR THE COURT:**

¶1.     Devon Reeg worked as a dental assistant for Dr. Murray Bert Keel Jr. from 2003 to 2005.  Reeg alleged Dr. Keel touched her inappropriately during that time, causing her to have psychological problems.  She claims she did not realize a connection between the unsolicited contact and her psychological issues until 2013, when she was diagnosed with posttraumatic stress disorder.

¶2.     But Reeg did not file suit until 2014—around nine years after the alleged abuse.  The circuit judge deemed this to be too late, so he granted Dr. Keel's motion to dismiss based on either the running of the one-year or three-year statute of limitations.  After review, we find

Reeg failed to show she was of unsound mind, legal infancy, or suffered a latent injury. So the limitations period was not tolled, and the discovery rule is inapplicable. Thus, we affirm the dismissal of her untimely lawsuit.

**Facts and Procedural History**

¶3.    From 2003 to 2005, Reeg worked at Dr. Keel's dental practice as a receptionist, dental assistant, and officer manager. She was nineteen when she started working for Dr. Reeg and twenty-one years old when she left his employment. Reeg claimed that while working for Dr. Keel, he "made a series of sexual advances, assaults, and batteries" against her at the dental office.[1] On one occasion, Reeg claimed she was sexually battered on Friday, March 18, 2005. And when she returned to work the next Monday, she told several coworkers about the incident. Afterwards, she kept working for Dr. Keel until Hurricane Katrina hit and destroyed Dr. Keel's office.

¶4.    Reeg later started visiting mental-health professionals. In 2013, she met with social worker Brenda Monroe, who diagnosed Reeg with PTSD. According to Reeg and Monroe, it was not until the July 2013 PTSD diagnosis that Reeg realized Dr. Keel's actions were somehow connected to her mental problems. On March 12, 2014,[2] Reeg filed suit against

---

[1]  In her complaint, she alleged that "(A) He [d]igital[ly] penetrat[ed] [her] over a period of 2½ years; (B) He put his hand inside her pants and touched her crotch; (C) He grabbed her buttock[;] and (D) he groped above and underneath her clothing."

[2]  Reeg filed an amended complaint on March 13, 2014, amending only the defendant's name to Dr. Murray Bert Keel Jr. and the dental office to M. Bert Keel Jr., D.M.D., instead of Dr. Murray Bert Keel Sr. and the dental office of M. Bert Keel Sr., D.M.D.

Dr. Keel and his dental practice. She alleged assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and breach of an employment contract.

¶5. In her complaint, she cited the doctrine of equitable tolling. She argued the statute of limitations should be tolled because she was in a "weakened psychological state for many years, and was unable to file for damages until now." She insisted her "deteriorated mental condition considerably affected her judgment-making skills." Dr. Keel filed an answer and a motion to dismiss, asserting the statute of limitations as a defense.

¶6. At the hearing on the motion to dismiss, the circuit judge rejected Reeg's equitable-tolling argument. As he put it, there was "absolutely nothing in the record to indicate" she was suffering from "an unsound mind" because Reeg "was able to manage her ordinary affairs in life." The circuit judge did not apply the discovery rule since the alleged abuse stemmed from physical acts—something a person is generally aware of when the event occurs. And because Reeg was in her late teens and early twenties when the alleged abuse happened, she was aware of the acts when they occurred. The judge found the abuse was not a latent injury, so the discovery rule did not apply. He granted Dr. Keel's statute-of-limitations-based motion to dismiss. Reeg appealed.

**Discussion**

**I. Statute of Limitations**

¶7. Reeg raised five different claims in her complaint: (1) assault; (2) battery; (3)

3

intentional infliction of emotional distress; (4) negligent infliction of emotional distress; and (5) breach of an employment contract.

¶8. Her first three claims fall under Mississippi Code Annotated section 15-1-35 (Rev. 2012). Under this statute, "All actions for assault, assault and battery . . . shall be commenced within one (1) year next after the cause of such action accrued, and not after." Her claim for intentional infliction of emotional distress is also subject to section 15-1-35's one-year time-bar. *See Jones v. Fluor Daniel Servs. Corp.*, 32 So. 3d 417, 423 (¶26) (Miss. 2010). Reeg's breach of an unwritten employment contract claim falls under a different statute, but it too carries a one-year limitations period. *See* Miss. Code Ann. § 15-1-29 (Rev. 2012). And her claim for negligent infliction of emotional distress had to be filed within the three-year "catch-all" statute of limitations.[3] Unless these limitations periods were tolled, her claims are all barred as untimely.

## II. Unsound Mind and Savings Clause

¶9. Reeg first suggests the statutes of limitations should be tolled under the "savings statute." This statute saves claims filed outside the limitations period if the person, "at the time at which the cause of action accrued, [is] under disability of infancy or unsoundness of mind." Miss. Code Ann. § 15-1-59 (Rev. 2012). Where one of these requirements is met, the person "may bring the actions . . . after [her] disability shall be removed[.]" *Id.* To

---

[3] *See* Miss. Code Ann. § 15-1-49 (Rev. 2012) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.").

4

determine if one is mentally incompetent, we ask, is the person's "mind so unsound, or is [she] so weak in mind, or so imbecile, no matter from what cause, that [she] cannot manage the ordinary affairs of life?" *Brumfield v. Lowe*, 744 So. 2d 383, 387 (¶20) (Miss. Ct. App. 1999) (quoting *Shippers Express v. Chapman*, 364 So. 2d 1097, 1100 (Miss. 1978)). "The purpose of the savings statute is to protect the legal rights of those who are unable to assert their own rights due to disability." *Id*. (quoting *Rockwell v. Preferred Risk Mut. Ins. Co.*, 710 So. 2d 388, 391 (¶11) (Miss. 1998)).

¶10.    The circuit judge found no evidence Reeg was of unsound mind or incapable of managing her ordinary affairs. And we too have searched the record and have found no support for her argument she was of unsound mind.

¶11.    We do note Reeg was nineteen when the abuse allegedly began, so her legal infancy during the initial abuse did toll the limitations periods until she turned twenty-one on August 21, 2005. *See Anderson v. R&D Foods, Inc.*, 913 So. 2d 394, 397 (¶9) (Miss. Ct. App. 2005) (citing *Lawler v. Gov't Emps. Ins. Co.*, 569 So. 2d 1151, 1153 (Miss. 1990)) (noting that the "disability of infancy is removed when a person attains the age of twenty-one years"); *Taylor v. Gen. Motors Corp.*, 717 So. 2d 747, 750 (¶14) (Miss. 1998) (statute of limitations does not begin to run until the person attains his twenty-first birthday). But the limitations periods began to run on her twenty-first birthday, and afterwards, she did not file suit within the required time periods.

### III.    Discovery Rule

5

¶12.    Reeg next argues the discovery rule gets her around the time-bars.  She believes the limitations periods should also be tolled because she did not comprehend that Dr. Keel's 2003 to 2005 acts were abusive until her PTSD diagnosis in July 2013.

¶13.    The discovery rule is set out in section 15-1-49(2).  It states, "In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."  *Id.*  To benefit from the discovery rule, "a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury." *Doe v. Roman Catholic Diocese of Jackson*, 947 So. 2d 983, 986 (¶5) (Miss. Ct. App. 2006) (citing *Wayne Gen. Hosp. v. Hayes*, 868 So. 2d 997, 1001 (¶15) (Miss. 2004)).  "The focus is on the time that [one] discovers, or should have discovered by the exercise of reasonable diligence, that he [or she] probably has an actionable injury." *Id*. (quoting *Hayes*, 868 So. 2d at 1001 (¶15)).

¶14.    The discovery rule is an exception to the catch-all three-year statute of limitations for "latent injury or disease." *Id.* (citing *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 50 (¶9) (Miss. 2005)).  But if "there is no latent injury, the discovery rule cannot apply." *Id*. at (¶6) (citing *PPG Architectural Finishes*, 909 So. 2d at 50 (¶10)).  "A latent injury is defined as one where the plaintiff is precluded from discovery of the harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *Id*. (citing *PPG Architectural Finishes*, 909 So. 2d at 50 (¶10)).

6

¶15. We find the circuit judge was correct that there was nothing "secretive or inherently undiscoverable" about the alleged acts or wrongdoing. Clearly Reeg knew the inappropriate touching occurred because she reported at least one event to several coworkers. Nor was it "unrealistic" for a layperson her age "to perceive the injury at the time of the wrongful act."

¶16. The abuse Reeg alleged was physical in nature. And acts of sexual abuse are the types of acts "a person is generally aware [of] when the events occur." *Id*. at (¶7) (refusing to apply discovery rule to toll limitations period when adult claimed she did not psychologically comprehend childhood sexual abuse by priests or connect abuse to her emotional problems until years after limitations period had run).

¶17. Because the alleged wrongful acts were physical and Reeg was aware of the wrongdoing when it happened, her claimed injury is not "latent." So the discovery rule does not apply. Since she filed her complaint too late, we affirm the judgment dismissing the complaint.

¶18. **THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. LEE, C.J., NOT PARTICIPATING.**