COLEMAN, JUSTICE, SPECIALLY CONCURRING:
¶ 47. I concur with the result reached and the core reasoning employed by the majority. I write separately only to suggest respectfully that, in light of statutory changes, the Court should reexamine its continued adherence to and citation of the concept that where venue is proper as to one defendant it is proper to all. (Maj. Op. at ¶ 24). Venue is set by statute. At one point, the applicable venue statute indeed provided that when venue is proper as to one defendant it is proper to all. However, the Legislature amended the venue statute and removed the language. Accordingly, it is no longer the law in Mississippi, and the Court should stop treating it as though it were.
¶ 48. "The determination for proper venue is governed by statute." Miss. Crime Lab. v. Douglas , 70 So.3d 196, 202 (¶ 16) (Miss. 2011) ; see also Park on Lakeland Drive, Inc. v. Spence , 941 So.2d 203, 206 (¶ 8) (Miss. 2006) ("Venue is a function of statute.") (quoting Flight Line, Inc. v. Tanksley , 608 So.2d 1149, 1155 (Miss. 1992) ); Guice v. Miss. Life Ins. Co. , 836 So.2d 756, 759 (¶ 11) (Miss. 2003) ("The venue of a suit in equity in our state is governed entirely by statute."); Salts v. Gulf Life Ins. Co. , 743 So.2d 371, 373 (¶ 7) (Miss. 1999) ("Venue is therefore a function of statute.")
¶ 49. Mississippi Code Section 11-11-3 once read, in pertinent part, "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found...." Miss. Code Ann. 11-11-3 (1984). In a 2002 special session, the Legislature amended Section 11-11-3 twice. As Section 11-11-3 went into effect on January 1, 2003, the above-quoted language from the 1984 version was amended to read, in pertinent part, "Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides...." Gone from the statute were the words "or any of them." The January 2003 version evinced a rejection by the Legislature that defendants not found in a county could be sued in a county where one other defendant could be found. In any event, the January 2003 version proved to be short-lived, as in a 2004 special session, the Legislature again amended Section 11-11-3, giving it the wording it retains today. Presently, Section 11-11-3(1) provides as follows:
(1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.
(ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.
(b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.
*422 Miss. Code Ann. § 11-11-3 (Rev. 2004). The above recitation of the history of Section 11-11-3 since 1984 admittedly is tedious, but the point is that the Legislature chose to remove the old language which allowed multiple defendants to be sued in a county where any one defendant resided.
¶ 50. We appear to have grounded our pronouncement that "where venue is good as to one defendant, it is good as to all defendants," see, e.g., Wayne General Hospital v. Hayes , 868 So.2d 997, 1002 (¶ 23) (Miss. 2004), in the pre-2003 version of the venue statute. For example, in Hayes , the majority quoted the old Section 11-11-3 language including "or any of them may be found" before continuing to cite an earlier case for the proposition that where venue is good as to one defendant it is good as to all. Id. To be sure, the principle that all defendants may be sued in a county where one resides predates the 1984 version of Section 11-11-3, see Jefferson v. Magee , 205 So.2d 281, 284 (Miss. 1967), but so does the statutory language supporting the principle. See Miss. Code of 1930 § 495 (1940).
¶ 51. Venue is a function of statute. For decades, the venue statute provided that venue as to all defendants is proper where one of the defendants resides. However, as of 2003, the Legislature changed the statute and removed the language that so provided. I respectfully suggest that the Court should recognize the change in the statute and cease its reliance on the principle that where venue is proper as to one defendant, it is proper as to all, as the principle is no longer found in the general venue statute.
WALLER, C.J., JOINS THIS OPINION.